IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-60693

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE MONTGOMERY,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Mississippi
3:01-CV-61-S

---

May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ronnie Montgomery appeals the district court's denial of his motion, contending that the district court improperly construed his 18 U.S.C. § 3582(c)(2) motion as a 28 U.S.C. § 2255 motion. In his motion Montgomery referred to § 3582(c)(2) and requested a reduction of sentence. We accept Montgomery's assertion that he raised his claims under 18 U.S.C. § 3582(c)(2) and address his claims under that statute.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."[1] Montgomery claims that the Supreme Court's decision in *Apprendi v. New Jersey*[2] constituted a change in Sentencing Guidelines for which he should receive relief. He has not identified a sentencing range that has subsequently been lowered by the Sentencing Commission, and thus the district court did not have authority to reduce his sentence under § 3582(c)(2).

Montgomery does not assert that his claims of ineffective assistance of counsel or his assertions regarding his completion of prison rehabilitation programs set forth grounds for a reduction of sentence, and any such claim is deemed abandoned. AFFIRMED on alternative grounds.

---

[1] 18 U.S.C. § 3582(c)(2).

[2] 530 U.S. 466 (2000).